PEOPLE v HESCH

Docket No. 269185. Submitted September 6, 2007, at Lansing. Decided
March 18, 2008, at 9:00 a.m.

Eric J. Hesch, aged 11 years, pleaded no contest in delinquency
proceedings before the Livingston Circuit Court, Family Divi-
sion, in 1998 to one count of second-degree criminal sexual
conduct involving a victim under 13 years of age. MCL
750.520c(1)(a). He was sentenced to two years' probation and
ordered to register as a sex offender under the Sex Offenders
Registration Act, MCL 28.721 *et seq.* When the defendant was 19
years of age, he petitioned under MCL 28.728c to remove the
requirement under MCL 28.723 that he continue to register as
a sex offender. The prosecution responded to the petition,
contending that it must be denied because the defendant's
offense against the six-year-old victim involved force or coer-
cion. The court, Stanley J. Latreille, J., concluded as a matter of
fact that the offense had involved force or coercion. The court
then determined as a matter of law that it therefore lacked
authority to grant the relief requested, and denied the petition.
The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The defendant met the statutory requirements to petition to
register as provided in MCL 28.728d(1). However, MCL
28.728c(12) identifies certain factors that limit the court's discre-
tion when considering a petition to allow registration under MCL
28.728d(1) and MCL 28.728c(14) identifies circumstances in which
the court must deny the petition to register under § 8d(1).

2. The court was required to consider factors beyond those
found in MCL 750.520c, the statute under which the defendant
was convicted, because § 8c(14)(c) directs the court to consider the
factors found in "any" of the four criminal-sexual-conduct statutes
listed in § 8c(14)(c). The aggravating factor of force or coercion is
found throughout the four criminal-sexual-conduct statutes.
Therefore, the court was required to deny the petition upon
determining that the defendant's offense included an aggravating
factor of force or coercion.

3. The trial court did not err in determining as a matter of fact that the defendant used coercion to accomplish the sexual contact.

Affirmed.

1. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT.

The Sex Offenders Registration Act identifies certain factors that limit a trial court's discretion when considering a petition to allow an individual to register under § 8d(1) of the act, MCL 28.728d(1), and identifies certain circumstances in which the court must deny the petition (MCL 28.728c[12] and [14]).

2. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT.

The Sex Offenders Registration Act provides that a trial court must deny a petition to allow an individual to register under § 8d(1) of the act, MCL 28.728d(1), if the court determines that the offense committed by the individual involved any of the factors found in the four criminal-sexual-conduct statutes (MCL 28.728c[14], 750.520b[1][b] to [h], 750.520c[1][b] to [l], 750.520d[1][b] to [e], and 750.520e[1][b] to [f]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *William J. Vailliencourt, Jr.*, Assistant Prosecuting Attorney, for the people.

*Reeds & Reeds, P.C.* (by *Travis M. Reeds*), for the defendant.

Before: BANDSTRA, P.J., and ZAHRA and OWENS, JJ.

ZAHRA, J. Defendant appeals by leave granted an order denying his petition to terminate sex-offender registration. In October 1998, defendant pleaded no contest to one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (victim under 13 years of age). Four other charges were dismissed. We must determine whether a reviewing court has discretion under MCL 28.728c to remove the requirement under MCL 28.723 that a defendant register as a sex offender when the reviewing court concludes that the

defendant's offense was accomplished through force or coercion. Like the lower court, we conclude that under such circumstances the Legislature has denied reviewing courts the authority to remove the requirement to register as a sex offender. The lower court properly denied defendant's petition to be removed from the sex-offender registry. We affirm.

### I. BASIC FACTS AND PROCEDURE

A police report submitted by Hamburg Township Police Officer Hal Graham alleged that in the fall of 1997, defendant (born May 28, 1986) played a game of "Truth or Dare" with two children he was baby-sitting. The children alleged that defendant dared them to perform fellatio on him, performed fellatio on the victim (born April 10, 1991), and then tried to anally penetrate the victim. The victim alleged that through this game and its tactics, defendant was able to trick him into removing his clothes, and that defendant then touched the victim's genitals and forced himself upon the victim. The children reported that they were afraid of defendant after the incident and asked their parents not to have defendant return to baby-sit.

Defendant eventually acknowledged doing some of the things he was accused of, including daring the victim to perform fellatio on him. Defendant admitted performing fellatio on the victim and making a brief attempt at anal penetration, which he claimed was unsuccessful. However, later in the interview, defendant stated that his penis "went in only a little bit," suggesting that slight penetration occurred. While defendant admitted that he told the victim not to tell, he denied any use of aggression, force, or threats.

Defendant was placed on two years' probation and ordered to register as a sex offender under the Sex

Offenders Registration Act (SORA), MCL 28.721 *et seq.* After successfully completing the terms of his probation, defendant was discharged.

Years later, defendant petitioned the lower court under MCL 28.728c to remove the requirement under MCL 28.723 that he continue to register as a sex offender. He sought the removal on the grounds that he was 11 years of age and had a low maturity level at the time of the offense. Defendant, aged 19 at the time of his petition, presented evidence that various psychologists and psychiatrists had concluded that he is not a sexual predator and is not likely to commit another sex crime. Defendant did not have any subsequent arrests or convictions for criminal sexual conduct or related offenses. Defendant asserted that the offense for which he stands convicted contained no aggravating factors, such as force or coercion.

The prosecutor responded that the petition should be denied because defendant's offense involved force or coercion as evidenced by defendant's daring and enticing the children. The prosecutor also noted that the children were scared and asked that defendant not return as their baby-sitter. Additionally, the prosecutor added that the victim's impact statement provided that he wanted defendant to register as a sex offender.

The lower court reluctantly denied the petition. The lower court concluded as a matter of fact that the offense committed by defendant involved force or coercion. Having so determined, the lower court concluded that it was required by law to deny the petition. This appeal followed.

## II. ANALYSIS

The lower court determined as a matter of law that if the offense for which defendant was convicted involved

force or coercion, it lacked authority under the relevant statutory provisions to grant defendant the relief he seeks. The lower court further concluded as a matter of fact that the offense defendant stands convicted of committing involved force or coercion. We address each issue separately.

### A. STANDARD OF REVIEW

The lower court's findings of fact are reviewed for clear error. "A decision is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made." *Szymanski v Brown*, 221 Mich App 423, 436; 562 NW2d 212 (1997). The lower court was also required to interpret the pertinent statutory provisions. Issues of statutory interpretation are questions of law, which we review de novo. *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005).

### B. IF DEFENDANT'S OFFENSE INVOLVED FORCE OR COERCION, THE LOWER COURT LACKED STATUTORY AUTHORITY TO GRANT DEFENDANT'S PETITION

Certain juveniles required to register as sex offenders who are identified under MCL 28.728c may petition the court in which they were convicted to limit or terminate the registration requirement. Pertinent to this case, MCL 28.728c(1) provides that "[a]n individual described in subsection (15) [MCL 28.728c(15)] who is convicted before October 1, 2004 of a violation described in that subsection may petition the court under this section for an order allowing him or her to register under this act as provided in section 8d(1) [MCL 28.728d(1)]." Once an individual is permitted to register under § 8d(1), the lower court is vested with discre-

tion to cease the registration process.[1]

Defendant's conviction arose before October 1, 2004. If defendant is an "individual described in [MCL 28.728c(15)][2] [he or she] . . . may petition the court . . . for an order allowing him or her to register under this

---

[1] MCL 28.728d(1) provides, in relevant part:

An individual who petitions the court under section 8c to register as provided in this section shall register under this act as follows:

(a) For a violation described in section 8c(15)(a) or (b), the individual shall register under this act until the petition is granted but is not subject to the requirements of section 8(2) [MCL 28.728(2)].

(b) For a violation described in section 8c(15)(c) and for which the petition is granted, the individual shall register under this act for a period of 10 years after the date he or she initially registered or, if the individual was in a state correctional facility, for 10 years after he or she is released from that facility, whichever is greater, and is subject to the requirements of section 8(2) during that registration period.

Accordingly, under § 8d(1)(a), if defendant's conviction met the description of § 8c(15)(a), the lower court would, subject to the remaining provisions of MCL 28.728c(12) and (14), be vested with discretion to grant defendant's petition to no longer be subject to the registration requirements under the SORA.

[2] In relevant part, MCL 28.728c(15)(a) provides that the following juveniles may petition the court:

An individual who is convicted as a juvenile under section 520b, 520c, or 520d of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520c, and 750.520d, of committing, attempting to commit, or conspiring to commit a violation solely described in section 520b(1)(a), 520c(1)(a), or 520d(1)(a) of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520c, and 750.520d, if . . . the following applies:

(i) The individual was under 13 years of age when he or she committed the offense and is not more than 5 years older than the victim.

act as provided in section 8d(1)." MCL 28.728c(1). Defendant falls within the description in MCL 28.728c(15) because MCL 750.520c(1)(a), the criminal code provision under which defendant was convicted, is expressly identified in this subsection, defendant was under 13 years of age at the time of the assault, and defendant was not more than five years older than the victim. Accordingly, defendant was allowed under MCL 28.728c(15)(a)(*i*) to petition the lower court to register as provided in MCL 28.728d(1).

Having standing to petition the lower court is no guarantee that the petition will be granted. MCL 28.728c(12) identifies certain factors that limit the lower court's discretion when considering a petition to allow a defendant to register under § 8d(1). In addition, MCL 28.728c(14) identifies circumstances in which the lower court is required to deny the petition to register under § 8d(1). Specifically, MCL 28.728c(14)(c) provides, in pertinent part:

> The court shall not grant a petition filed under this section if any of the following apply:
>
> * * *
>
> (c) The court determines that the offense involved any of the following:
>
> (*i*) A factor set forth in section 520b(1)(b) to (h) of the Michigan penal code, 1931 PA 328, MCL 750.520b.
>
> (*ii*) A factor set forth in section 520c(1)(b) to (*l*) of the Michigan penal code, 1931 PA 328, MCL 750.520c.
>
> (*iii*) A factor set forth in section 520d(1)(b) to (e) of the Michigan penal code, 1931 PA 328, MCL 750.520d.
>
> (*iv*) A factor set forth in section 520e(1)(b) to (f) of the Michigan penal code, 1931 PA 328, MCL 750.520e.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature, and the Legislature is presumed to have intended the meaning it plainly expressed. *Linsell v Applied Handling, Inc*, 266 Mich App 1, 15; 697 NW2d 913 (2005). If statutory language is clear and unambiguous, then a court is required to apply the statute as written. *Id.*

The plain language of MCL 28.728c(14)(c) directs the lower court to determine whether "the offense involved *any* of the" factors found in the four criminal-sexual-conduct statutes. (Emphasis added.)

> The commonly understood word "any" generally casts a wide net and encompasses a wide range of things. "Any" has been defined as: "1. one, a, an, or some; one or more without specification or identification. 2. whatever or whichever it may be. 3. in whatever quantity or number, great or small; some. 4. every; all . . . ." [*People v Lively*, 470 Mich 248, 253-254; 680 NW2d 878 (2004), quoting *Random House Webster's College Dictionary* (2d ed, 1997).]

Because MCL 28.728c(14)(c) clearly directs the lower court to consider the factors found in "any" of the four criminal-sexual-conduct statutes, the lower court was required to consider factors beyond those found in the statute under which defendant was convicted, MCL 750.520c. MCL 28.728c(14)(c).

Here, the lower court generally determined that defendant used force or coercion to accomplish the sexual contact. The aggravating factor of force or coercion is found throughout the four criminal-sexual-conduct statutes. For instance, MCL 750.520d(1)(b), which is incorporated by MCL 28.728c(14)(c)(*iii*), provides as an aggravating factor "[f]orce or coercion i[s] used to accomplish the sexual penetration." MCL 750.520d(1)(b) further states that "[f]orce or coercion

includes . . . any of the circumstances listed in section 520b(1)(f)(*i*) to (*v*)," which provide:

> (*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.
>
> (*ii*) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.
>
> (*iii*) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.
>
> (*iv*) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable.
>
> (*v*) When the actor, through concealment or by the element of surprise, is able to overcome the victim. [MCL 750.520b(1)(f)(*i*) to (*v*).]

Also, MCL 750.520d(1)(b) expressly indicates that force or coercion "is not limited to any of the circumstances listed" above.

In addition, a factor included under MCL 750.520c, which is incorporated by MCL 28.728c(14)(c)(*ii*), provides that, "[t]he actor is in a position of authority over the victim and the actor used this authority to coerce the victim to submit." MCL 750.520c(1)(b)(*iii*). The factor of force or coercion is similarly found in MCL 750.520b(1)(b)(*iii*), which is incorporated under MCL 28.728c(14)(c)(*i*): "The actor is in a position of authority over the victim and used this authority to coerce the victim to submit." Thus, we agree with the lower court that it must deny defendant's petition to register under

§ 8d(1) if it determines defendant's offense included an aggravating factor of force and coercion.

### C. THE LOWER COURT DID NOT CLEARLY ERR IN CONCLUDING THAT THE OFFENSE FOR WHICH DEFENDANT WAS CONVICTED INVOLVED FORCE OR COERCION

Having interpreted the relevant statutory provisions, we must next consider whether the lower court clearly erred in determining as a matter of fact that the offense for which defendant was convicted involved force or coercion. We conclude that the lower court did not clearly err in concluding that defendant used coercion to accomplish the sexual contact. The record indicates that defendant, while in a position of authority over the significantly younger victim of tender years, employed a game to remove the victim's clothes, attempted to have the victim perform fellatio on him, performed fellatio on the victim, and made an attempt to, or did, anally penetrate the victim. Defendant also told the victim not to tell. Further, the sentencing court indicated at the November 9, 1998, dispositional hearing, that "there was some manipulation and deception involved in this." Here, defendant's actions are sufficiently similar to the factors listed in MCL 750.520b(1)(b)(*iii*), MCL 750.520c(1)(b)(*iii*), and MCL 750.520d(1)(b) to permit the lower court to conclude that defendant used coercion to accomplish the sexual contact.

Affirmed.