*In re* MS

Docket No. 294832. Submitted January 12, 2011, at Detroit. Decided February 1, 2011, at 9:05 a.m.

    MS, a juvenile, was charged with and entered a plea of admission to a misdemeanor count of fourth-degree criminal sexual conduct (CSC) in the Oakland Circuit Court, Family Division. The court terminated its jurisdiction in 2000. In 2008, MS petitioned the court to remove his name from the sex offender registry. The court, Eugene A. Moore, J., denied the petition, concluding that the petition was untimely under MCL 28.728c(4). MS appealed.

    The Court of Appeals *held*:

    MCL 28.728c(15) allows juveniles convicted of first-, second-, or third-degree CSC or charged with those crimes and convicted of certain lesser offenses to petition the court by October 1, 2007, or within three years of discharge from the court's jurisdiction to remove their names from the sex offender registry if certain circumstances exist. Thus, MS's petition was untimely. While he argued that the statute was unconstitutional because it failed to require that offenders be notified of the time limits, there is no provision allowing juveniles initially charged with fourth-degree CSC to petition for removal of their names from the registry. The statute limits eligibility to petition to certain individuals charged with or convicted of first-, second-, or third-degree CSC. The trial court did not err by denying MS's petition.

    Affirmed.

CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — JUVENILES — PETITIONS FOR REMOVAL FROM SEX OFFENDER REGISTRY.

    Juveniles convicted of first-, second-, or third-degree criminal sexual conduct or charged with those crimes and convicted of certain lesser offenses may petition the court to remove their names from the sex offender registry in certain circumstances, but there is no provision allowing juveniles initially charged with fourth-degree criminal sexual conduct to petition for removal of their names from the registry (MCL 28.728c[15]).

*Sterling & Schilling, P.C.* (by *Ronald F. Schilling*), for MS.

*Jessica R. Cooper*, Prosecuting Attorney, and *Danielle Walton*, Assistant Prosecuting Attorney, for the Oakland County Prosecuting Attorney.

Before: O'CONNELL, P.J., and SAAD and BECKERING, JJ.

O'CONNELL, P.J. Petitioner, MS, appeals by delayed leave granted the denial of his petition seeking removal from the sex offender registry under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. We affirm.

In 1999, when MS was 13 years old, the Oakland County Prosecutor filed a delinquency proceeding and petition alleging three counts of fourth-degree criminal sexual conduct (CSC) against him under MCL 750.520e(1)(b).[1] MS entered a plea of admission to one misdemeanor count of fourth-degree CSC.[2] The trial court placed MS in the intensive probation program and terminated its jurisdiction over MS on November 29, 2000, when he was 15 years old. Nearly eight years later, on July 31, 2008, MS filed his petition for removal from the sex offender registry.

The trial court denied MS's petition as untimely under MCL 28.728c(4). At the hearing on the petition, the trial court stated, "The statute is very clear. I don't agree with the statute. . . . [B]ut I'm bound by the statute." The court then inquired of MS:

> *Court*: . . . You've graduated from college, and have had no problems?

---

[1] All counts involved a single victim; the record indicates the victim was 13 years old.

[2] The trial court's order of adjudication listed the Prosecutor's Advisory Coordinating Council charge code "750.520e1A," which, according to the August 2003 Bench Guide, refers to criminal sexual conduct-fourth degree (force or coercion). State Court Administrative Office, et al., *Criminal Records Reporting MCL/PACC Charge Codes* (11th ed), p 120.

[*MS*]: Yes, your Honor.

*Court*: Completed probation?

[*MS*]: Yes, everything.

*Court*: And you're how old, now?

[*MS*]: I am—what was that?

*Court*: How are you now [sic]?

[*MS*]: I'm 23 years old.

*Court*: Ten years. I mean, this is the typical example of the person who should not have—still be on the registry. But I didn't write the statute. [Defense counsel] is an excellent lawyer, and my suggestion is you sit down and write a letter to your State Representative. Maybe they'll change the statute, but I'm bound by the statute and the motion is denied.

This Court has summarized the SORA provision that allows certain juvenile offenders to be removed from the sex offender registry:

Certain juveniles required to register as sex offenders who are identified under MCL 28.728c may petition the court in which they were convicted to limit or terminate the registration requirement. Pertinent to this case, MCL 28.728c(1) provides that "[a]n individual described in subsection (15) [MCL 28.728c(15)] who is convicted before October 1, 2004 of a violation described in that subsection may petition the court under this section for an order allowing him or her to register under this act as provided in section 8d(1) [MCL 28.728d(1)]." Once an individual is permitted to register under [MCL 28.728d(1)], the lower court is vested with discretion to cease the registration process. [*People v Hesch*, 278 Mich App 188, 192-193; 749 NW2d 267 (2008).]

To file a timely petition to be removed from the registry under MCL 28.728c(4), an offender who was convicted prior to October 1, 2004, must file the petition before October 1, 2007, or within three years of discharge from court jurisdiction.

MS filed his petition in 2008, nearly eight years after his discharge from the trial court's jurisdiction. According to MCL 28.728c(4), the petition was untimely. MS argues, however, that MCL 28.728c(4) is unconstitutional on the ground that the statute failed to provide that offenders be notified of the statutory time limits.

We review de novo questions of law, including constitutional questions. *People v Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005); *In re Wentworth*, 251 Mich App 560, 561; 651 NW2d 773 (2002). However, we will not address constitutional issues when, as here, we can resolve an appeal on alternative grounds. *People v Krezen*, 427 Mich 681, 713 n 32; 397 NW2d 803 (1986) (LEVIN, J., dissenting); *Wayne Co v Hathcock*, 471 Mich 445, 456 n 10; 684 NW2d 765 (2004).

The SORA provisions at issue apply to juvenile offenders convicted of first-, second-, or third-degree CSC. MCL 28.728c(1) and (15). Specifically, MCL 28.728c(1) provides that "[a]n individual described in [MCL 28.728c(15)] who is convicted before October 1, 2004 of a violation described in that subsection may petition the court under this section for an order allowing him or her to register under this act as provided in [MCL 28.728d(1)]." MCL 28.728c(15) states:

> The right to petition under this section applies to all of the following individuals:
>
> (a) An individual who is convicted as a juvenile under ... MCL 750.520b [first-degree CSC], 750.520c [second-degree CSC], [or] 750.520d [third-degree CSC], ... of committing, attempting to commit, or conspiring to commit a violation solely described in [those sections] if [certain circumstances exist].

* * *

(b) An individual who was charged under ... MCL 750.520b, 750.520c, [or] 750.520d, with committing, attempting to commit, or conspiring to commit a violation solely described in [those sections] and is convicted as a juvenile of violating, attempting to violate, or conspiring to violate ... MCL 750.520e [fourth–degree CSC] [or] 750.520g, if [certain circumstances exist].

The subsection plainly limits the eligibility to petition to individuals charged with first-, second-, or third-degree CSC or convicted of those crimes.

In contrast, the record in this case indicates that MS was charged with fourth-degree CSC and entered a plea of admission to the same charge. Thus, he has no right to petition under the statute. We recognize that it seems paradoxical to allow first-, second-, and third-degree CSC juvenile offenders to terminate registration, but preclude fourth-degree CSC juvenile offenders from terminating their registrations. Respondent notes that fourth-degree CSC juvenile offenders are not included on the *public* sex offender registry and posits that our Legislature determined that these offenders did not require the opportunity to be removed from the registry.[3] This does not explain, however, why MCL 28.728c(15)(b) allows an offender who was charged with third-degree CSC but convicted of fourth-degree CSC to petition for removal from the registry. Nonetheless, the statute is unambiguous, and we must apply it as written. *People v Barrera,* 278 Mich App 730, 735-736; 752 NW2d 485 (2008). Despite MS's apparently clean record

---

[3] Respondent also argues that the trial court lacked jurisdiction to hear MS's petition. We disagree. MCL 28.728c(4) provides that "[a] petition filed under this section shall be filed in the court in which the individual was convicted of committing the listed offense." Although the Legislature did not expressly state that the family division of the circuit court has jurisdiction to entertain a petition for removal from the sex offender registry, it appears that MCL 28.728c implicitly expanded the jurisdiction of the court to allow the court to entertain the petition.

during the past 10 years, the charge of fourth-degree CSC at age 13 precluded him from petitioning for removal from the sex offender registry.

Affirmed.