*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ALLEN PARK RETIREES ASSOCIATION,
INC., and RUSSELL PILLAR, on behalf of
himself and others similarly situated,

Plaintiffs-Appellants,

v

CITY OF ALLEN PARK and JOYCE A.
PARKER,

Defendants-Appellees.

FOR PUBLICATION
August 13, 2019
9:10 a.m.

No.   341567
Wayne Circuit Court
LC No.   14-003826-CZ

Before:  SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiffs appeal from an order of the circuit court granting summary disposition on plaintiffs' claims for retiree health care benefits under a collective bargaining agreement.  We affirm in part, reverse in part, and remand.

Plaintiff Pillar was a command officer employed by the Allen Park Police Department and a member of the Allen Park Police Lieutenants and Sergeants Association collective bargaining unit.  He retired from employment in July 1993.  At the time of his retirement, Pillar's employment was governed by a collective bargaining agreement (CBA) in effect for the period July 1, 1991 to June 30, 1994.  That CBA provided for retiree health insurance benefits.  The CBA provided for specific coverages, though those coverages varied somewhat depending upon the age at retirement and date of hire.  The CBA provides that the city "reserves the right to change any and/or all insurance company(ies) and/or plan(s), providing the replacement program is equal to or better than the program available from the present company, subject to the mutual agreement of the City and the Union."

Defendant Parker was appointed Emergency Manager ("EM") of the city before March 28, 2013.  At that time, the EM's rights and duties were governed by the Local Government Fiscal Responsibility Act, formerly MCL 141.1201 *et seq*.  The Local Financial Stability and Choice Act (LFSCA), 2012 PA 436 ("PA 436"), became effective March 28, 2013.  MCL

141.1541 *et seq.* EM Parker continued her duties as the city's EM under the new legislation. EM Parker notified city retirees in correspondence dated March 8, 2013, that she was "proposing changes in our health care program in an effort to reduce our expense, while making every effort to minimize the impact on retirees." She requested the retirees' "support of the changes that are proposed and outlined in this letter." The letter stated:

> Effective July 1, 2013, the health insurance for all retirees and dependents will be changing. The coverage you will be afforded as of our fiscal year is Blue Cross Blue Shield of Michigan (BCBSM) *Community Blue PPO Option 2.* Community Blue PPO features an extensive network of doctors, hospitals and other health care providers that agree to accept BCBSM's benefit and payment policies. The Blue Cross PPO operates nationwide and allows members to receive services from any health care provider that accepts the Community Blue PPO ID card. This plan does not require the selection of a primary care doctor or other health care provider. Your out-of-pocket expenses are less when health care services are rendered by PPO network providers

Parker issued Order No. 2013 – 015 ("Order 15"), which declared:

1. All **Medicare** Part A and B enrolled/eligible retirees and their Medicare enrolled/eligible spouses and dependents.

   **Section 1. Health Coverage**

   Effective July 1, 2013, the City will provide enrolled/eligible retirees and dependents the following health coverage plan:

   i. Blue Cross Blue Shield of Michigan Medicare Plus Group PPO with a $100.00 annual deductible, $1,000.00 annual In-Network out-of-pocket maximum, and with $10/20/30 copay prescription drug coverage.

   ii. Plan coverage will be subject to the coverage terms and regulations of the carrier[.]

2. All **Non-Medicare** enrolled/eligible retirees and their enrolled/eligible spouses and dependents.

   **Section 1. Health Coverage**

   Effective July 1, 2013, the City will provide enrolled/eligible retirees and dependents the following health coverage plan:

   i. Blue Cross Blue Shield of Michigan Community Blue PPO Option 2 with $100/$200 annual deductible, $500,$1,000 annual In-Network out-of-pocket maximum, and with $10/20/30 co-pay prescription drug coverage.

ii.     Plan coverage will be subject to the coverage terms and regulations of the carrier.

The city's receivership was terminated on January 27, 2017. Although EM Parker asserts that Order 15 was terminated when the receivership terminated, the city indicates that the modification to plaintiffs' health care remains in effect.

Plaintiffs filed an action against the city, the State of Michigan, the Department of Treasury, and Parker acting in her capacity as EM in the Ingham Circuit Court. Plaintiffs described Allen Park Retirees Association ("APRA") as "a non-profit corporation registered in the State of Michigan, whose membership is exclusively comprised of the employee pensioners, their beneficiary spouses, and qualified dependents." The claims against the state and the Department of Treasury were transferred to the Court of Claims. Plaintiffs' claims against the city and EM Parker remained pending in the Ingham Circuit Court. The city and EM Parker moved for a change of venue to Wayne County. The Ingham Circuit Court granted these motions. The Wayne Circuit Court granted the city's motion to stay proceedings pending resolution of the Court of Claims action.

The Court of Claims granted summary disposition for the state defendants. The Court of Claims remarked that the only change to plaintiffs' health care insurance was the imposition of deductibles and co-pays in the amounts of $500 to $1,000 each year for retirees and dependents. The Court of Claims stated that it was "undisputed that the retirees will be provided health care insurance with the premiums paid by the City. However, as a consequence of changing insurance policies, the retirees will be responsible for some co-pays and deductibles. There is no allegation that the actual coverage has changed." The Court of Claims indicated that plaintiffs' first amended complaint in the Court of Claims asserted claims that PA 436 violated the Contract Clause of the Michigan Constitution and violated constitutional due process protections.

The Court of Claims acknowledged the state defendants' argument that they were entitled to summary disposition under MCR 2.116(C)(8) because plaintiffs failed to demonstrate that the state defendants were responsible for the health care plan modifications. The Court of Claims agreed that the EM's actions could not be imputed to the state. However, the Court of Claims decided that plaintiffs' constitutional claims were too important for the court to "rest its decision on the non-imputation of an emergency manager's actions to the State." The Court of Claims agreed with the state defendants' substantive arguments that plaintiffs' constitutional challenges to PA 436 were without legal merit. With respect to plaintiffs' Contract Clause challenge, the Court of Claims concluded that there was no impairment of contract. The Court of Claims based this analysis on the United States Supreme Court's decision in *M&G Polymers USA, LLC v Tackett*, ___ US ___; 135 S Ct 926; 190 L Ed 2d 809 (2015) ("*Tackett*"), in which the Court held that the CBA in that case was subject to the traditional principle that contractual obligations cease upon termination of the CBA. The Court of Claims also rejected various constitutional arguments raised by plaintiffs.

Plaintiffs appealed the Court of Claims order granting summary disposition for the state defendants to this Court in Docket No. 329593. This appeal was consolidated with plaintiffs' earlier appeal in Docket No. 327470. In Docket No. 327470, this Court held that the Court of Claims properly transferred the claims against EM Parker back to the Wayne Circuit Court.

*Allen Park Retirees Ass'n v Michigan*, unpublished per curiam opinion of the Court of Appeals, issued November 29, 2016. (Docket Nos. 327470 & 329593), lv den 500 Mich 1003 (2017); unpub op at 4-5. In Docket No. 329593, this Court rejected the plaintiffs' argument that the Court of Claims erred by issuing judgment without first ruling on their motion for class certification. *Id.*, unpub op at 5-6. This Court held that all of plaintiffs' claims, in both the original complaint and their amended complaint, were barred by MCL 600.6431. Unpub op at 6-7. This Court did not address the substance of plaintiffs' constitutional claims. This Court explained:

> Thus, the record establishes that plaintiffs failed to comply with MCL 600.6431. In consequence, summary dismissal of all of plaintiffs' claims against defendants was appropriate, see *Rusha*, 307 Mich App at 307, and we need not analyze the remaining issues raised by plaintiffs on appeal, *Fisher v Blankenship*, 286 Mich App 54, 70; 777 NW2d 469 (2009) ("[T]his Court will affirm where the trial court came to the right result even if for the wrong reason."). Indeed, as a matter of judicial restraint we refuse to do so. See *In re Forfeiture of 2000 GMC Denali and Contents*, ___ Mich App ___, ___ n 3; ___ NW2d ___ (2016) (Docket No. 328547); slip op at 4 n 3 (noting "the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.") (quotation marks and citations omitted); see also *In re MS*, 291 Mich App 439, 442; 805 NW2d 460 (2011) ("[W]e will not address constitutional issues when, as here, we can resolve an appeal on alternative grounds."). [*Allen Park Retirees Ass'n v Michigan*, unpub op at 7-8.]

On September 7, 2017, plaintiffs moved to amend their complaint in the Wayne Circuit Court action. Plaintiffs stated that the applicable standard of review was recently modified by this Court's decisions in *Harper Woods Retirees Ass'n v City of Harper Woods*, 312 Mich App 500; 879 NW2d 897 (2015), and *Kendzierski v Macomb Co*, 319 Mich App 278; 901 NW2d 111 (2017).[1] Plaintiffs stated that the applicable standard "requires the trial court to review each complete collective bargaining agreement and retirement contract, to determine the viability of each retiree's claims." In their proposed amended complaint, plaintiffs added allegations concerning "Fiduciary Relationship and Concealment of Cause of Action." Plaintiffs asserted that the city created a fiduciary relationship with Pillar by "its consistent and uninterrupted payments of the health insurance benefits for him and his wife for 19-years." Plaintiffs included allegations under the subheading "Impairment *Versus* Breach of Contract." Plaintiffs stated that EM Parker and the city's actions were "legislative" actions that impaired their contractual relations by releasing the city from its contractual obligations Plaintiffs alleged that the city's "refusal to continue to perform its obligations as ratified in 1993, after 19-years of routine payment, also constituted breach of contract." Plaintiffs asserted violations of the Michigan

---

[1] This Court's decision was recently reversed by the Michigan Supreme Court. *Kendzierski v Macomb Co*, ___ Mich ___; ___ NW2d ___ (No. 156086, issued May 30, 2019).

Constitution, Const 1963, art 1, § 10 (prohibiting laws impairing a contractual obligation and ex post facto laws) (Count I), and Const 1963, art 1, § 17 (violation of due process) (Count II), and claims for equitable estoppel (Count III), promissory estoppel (Count IV), breach of contract (Count V), declaratory judgment (Count VI), and injunctive relief (Count VII). The Proposed Amended Complaint omitted the separation of powers claim stated in the original complaint. The trial court denied the motion to amend.

EM Parker moved for summary disposition pursuant to MCR 2.116(C)(7) (res judicata) and (8) (failure to state a claim for relief). EM Parker stated that the transition advisory board was dissolved in early 2017. The office of the EM and the advisory board ceased to exist in the city. EM Parker argued that plaintiffs' claims against her were moot because she was no longer the EM, and she was no longer able to act in that capacity. EM Parker also argued that Order 15 was no longer in effect. She argued that if plaintiffs could pursue their claims, the city was the only proper defendant because it was the only party that could grant relief to plaintiffs.

The city moved for summary disposition under MCR 2.116(C)(8) and (10). The city asserted that the 1991-1994 CBA was the only CBA at issue because Pillar was the only named plaintiff. The city stated that the APRA had no contractual or other legally recognized relationship with the city. The city argued that the Court of Claims final decision was the law of the case, and was binding under collateral estoppel. The city maintained that the Court of Claims decision established that plaintiffs had no contractual right to a specific health insurance plan for life because the contract was subject to modification, and that collateral estoppel applied because there was "an identity of interest" between defendants in the circuit court action and the state defendants.

At the hearing on the summary disposition motions, the trial court concluded that plaintiffs' claims against EM Parker were moot. The court stated that the statute did not include a retiree association as an interested party. The court stated that *Harper Woods Retirees* was not applicable to this case because that case did not involve an emergency manager. The court concluded that plaintiffs' claim for breach of the CBA was the same claim decided by the Court of Claims. The trial court noted that plaintiffs' claims for promissory estoppel and equitable estoppel were redundant of the breach of contract claim. The court asked plaintiffs why collateral estoppel did not apply to prohibit the court from deciding these issues differently than the Court of Claims had. Plaintiffs argued that the EM did not have statutory authority to impose a permanent modification. This raised a question whether the city could rely on the EM's authority to continue the modification. Plaintiffs argued that the Court of Appeals did not issue "any final decision on the correct contract interpretation to use."

The city responded that under *Harper Woods Retirees*, 312 Mich App 500, the health care provision was subject to modification, either by the EM or the city government. The city stated that plaintiffs had a vested interest in health insurance, but not in the particular aspects of the plan.

The trial court stated:

> So, the court is granting the City's motion. At the end of the day, if the
> city council were to terminate the health benefits of the retirees, they would

definitely be held accountable, I would think on election day. But the point – the issue before me isn't that. It's really whether the same allegations were made – whether the state defendants were in privy with the city and were defencing [sic] the exact same allegations in the Court of Claims. And this court finds that they were. And so therefore I'm granting the motion.

Plaintiffs now appeal.

We first turn to plaintiffs' argument that the trial court erred in dismissing EM Parker on the basis that the claims against her are moot. We disagree. The main point of plaintiffs' argument is that we should review this issue because of the possibility that some future emergency manager might claim the authority to cancel provisions in a collective bargaining agreement. We review de novo a trial court's decision on a motion for summary disposition. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Dell*, 312 Mich App at 739.

EM Parker argues that this appeal is moot as to her because she is no longer EM, and the city is no longer under receivership. She also states that Order 15 expired with the receivership. "Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). "An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Id*. "Because reviewing a moot question ordinarily would be a purposeless proceeding, we generally dismiss a moot case without reaching the underlying merits." *Id*. at 315. "It is well recognized, however, that an exception exists when an issue is moot, but is one of public significance and is likely to recur, yet may evade judicial review." *Id*. at 315 (internal quotation marks and citation omitted).

Parker is no longer EM. The city no longer has an EM. It is therefore not possible for this Court to grant plaintiffs relief against Parker. We agree that the trial court correctly concluded that this action is moot with respect to EM Parker individually. Moreover, while we agree that this represents an issue that may potentially recur, we are not persuaded that it will evade judicial review. Rather, if and when the issue recurs, the issue may be reviewed at that time.

Ultimately, Plaintiffs argue that MCL 141.1552(1)(k)(*iv*) authorizes the EM to institute only a *temporary* rejection, modification, or termination of any condition of an existing CBA. EM Parker asserts that Order 15 was a temporary change. Because EM Parker issued the order, she should well know that her intent was for it only to be temporary and is now expired. Therefore, any claim against her is now moot. Accordingly, the trial court properly dismissed the claims against EM Parker.

This, of course, means that any continuing modification to the retiree health care benefit is the product of city action, not that of the emergency manager. Thus, what is not moot is

plaintiffs' claims that the city improperly modified the benefit and that plaintiffs should have been allowed to amend their complaint to reflect these claims. But plaintiffs' argument is complicated by the fact that one of the cases they rely upon, *Kendzierski*, has, as noted above, recently been reversed by the Supreme Court. It makes little sense to us to consider whether the trial court erred in light of an argument that has been altered by recent Supreme Court action. By the same token, however, we are reluctant to analyze the issue in light of this new precedent when the trial court did not have the opportunity to do so. We prefer to have the trial court analyze the issue in the first instance. Accordingly, the better route is to reverse the trial court's decision granting summary disposition to the city and remand the matter for reconsideration in light of the Supreme Court's decision in *Kendzierski*. Similarly, the trial court shall reconsider plaintiffs' motion to amend their complaint or, alternatively, consider a motion to file a new amended complaint if plaintiffs deem it appropriate in light of the decision in *Kendzierski*.

That leaves the question whether the trial court erred in applying the doctrines of collateral estoppel and res judicata in the claims against the city. We agree with plaintiff that it did. "The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1995), aff'd 459 Mich 500 (1999). A trial court's decision on a motion for summary disposition is also reviewed de novo. Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by res judicata or collateral estoppel. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007). A motion brought under MCR 2.116(C)(7) "*may* be supported by affidavits, depositions, admissions, or other documentary evidence." *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 519 n 20; 918 NW2d 645 (2018). The contents of the complaint must be accepted as true unless contradicted by the documentary evidence, which must be viewed in a light most favorable to the nonmoving party. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law. *Id.*

"The preclusion doctrines of res judicata and collateral estoppel serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims." *William Beaumont Hosp v Wass*, 315 Mich App 392, 398; 889 NW2d 745 (2016) (citation and quotation marks omitted). Res judicata applies if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan,* 470 Mich 105, 121; 680 NW2d 386 (2004).

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp,* 269 Mich App 527, 530; 711 NW2d 438 (2006). Unlike res judicata, which precludes relitigation of claims, see *Bennett v Mackinac Bridge Auth,* 289 Mich App 616, 629; 808 NW2d 471 (2010) (stating that res judicata is also known as claim preclusion), collateral estoppel prevents relitigation of issues, *Ditmore v Michalik,* 244 Mich App 569, 577; 625 NW2d 462 (2001) (stating that collateral estoppel bars relitigation of an issue), which presumes the existence of an issue in the second proceeding that was present in the first proceeding. "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact

essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co,* 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotation marks, citation, and brackets omitted).

The trial court determined that plaintiffs' constitutional claims arising from Order 15 were barred by res judicata because the Court of Claims decided these claims on the merits with respect to the state defendants. The Court of Claims concluded that Order 15 did not violate the Contracts Clause because retirees did not have a vested interest in contribution-free health care benefits. On appeal, however, this Court never addressed this substantive issue. Instead, this Court concluded that plaintiffs' claims in both the original complaint and amended complaint were barred by MCL 600.6431. The Court cited principles disfavoring analysis of constitutional issues where appeals could be resolved on alternative grounds. *Allen Park Retirees Ass'n v Dep't of Treasury,* unpub op at 7-8. This Court's holding that plaintiffs' claims against the state were barred by MCL 600.6431 means that the Court of Claims unnecessarily analyzed the constitutional issue on the merits. Consequently, in analyzing the res judicata issue, we consider only this Court's earlier decision. Because this Court expressly declined to decide the constitutional issue, the constitutional issue was not decided on the merits.

With respect to the collateral estoppel analysis, the first element is not satisfied for the reasons stated in the res judicata analysis: the constitutional questions were not actually litigated in the Court of Claims action and determined by a valid and final judgment because this Court affirmed the dismissal of plaintiffs' complaints for noncompliance with MCL 600.6431, and this Court expressly declined to decide the constitutional questions.

For these reasons, the trial court erred in relying on res judicata and collateral estoppel in granting summary disposition.

In sum, we affirm the trial court's dismissal of the claims against EM Parker, but reverse the grant of summary disposition in favor of the city and remand the matter to the trial court. On remand, the trial court shall reconsider the grant of summary disposition in favor of the city and plaintiffs' motion to amend its complaint. On remand, the trial court shall not consider the effect of Order 15 as it is no longer in effect. That is, any rights that plaintiff might have under the CBA, as well as any rights that the city might have to alter those rights, have returned to the status that would exist as if Order 15 had never been entered. Moreover, the trial court shall not consider any effect of the decision of the Court of Claims. Finally, the trial court's reconsideration must be made in light of the Supreme Court's decision in *Kendzierski*.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant Parker only may tax costs, the only party who has prevailed in full.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh

-8-