PEOPLE v BARRERA

Docket No. 273882. Submitted March 5, 2008, at Lansing. Decided May
  1, 2008, at 9:05 a.m.

  Robert Barrera, who was convicted before January 8, 2001, in the
    Ingham Circuit Court of three counts of first-degree criminal
    sexual conduct, MCL 750.520b(1)(f), and one count of breaking
    and entering an occupied dwelling with the intent to commit a
    felony, MCL 750.110, filed a petition in the Ingham Circuit Court,
    seeking the release and DNA testing of biological materials pur-
    suant to MCL 770.16. The court, Joyce Draganchuk, J., entered an
    order denying the petition after reviewing all the evidence relevant
    to the identity of the perpetrator of the rape and determining that
    the defendant failed to present a prima facie case that the
    requested biological evidence would provide a reasonable probabil-
    ity of a different result. Following the denial of the defendant's
    motion for reconsideration, the Court of Appeals granted the
    defendant's application for leave to appeal.

    The Court of Appeals *held*:

    1. The defendant must show that all the items containing DNA
    matter that he seeks to have tested are material to establishing the
    identity of the perpetrator of the rape for which he was convicted.
    The defendant must link the evidence to both the crime and the
    criminal.

    2. The DNA-evidence testing sought by the defendant is ma-
    terial to the identity of the perpetrator of the rape.

    3. The trial court impermissibly engaged in a balancing test in
    determining that the defendant was sufficiently identified by the
    other evidence presented and that, therefore, the DNA testing was
    immaterial. The defendant was only required to present prima
    facie proof that the DNA evidence was material to the issue of
    identity.

    4. The defendant met the requirements in MCL
    770.16(3)(b)(*i*)-(*iii*) of establishing by clear and convincing evi-
    dence that the biological material was available for DNA testing;
    that the biological material was not previously subjected to DNA
    testing or, if it was, it will be subject to DNA-testing technology not

available when the defendant was convicted; and, finally, that the identity of the defendant as the perpetrator of the rape was at issue during his trial. The order denying the petition must be reversed and the matter must be remanded for the entry of an order granting the petition.

Reversed and remanded.

CRIMINAL LAW — EVIDENCE — DNA TESTING.

> A defendant convicted of a felony in a trial held before January 8, 2001, who is serving a prison sentence for the conviction may petition for an order for the DNA testing of biological material identified during the investigation leading to the conviction; such defendant must present prima facie proof that the material sought to be tested is material to the issue of the defendant's identity as the perpetrator of, or accomplice to, the felony; the defendant must also establish by clear and convincing evidence that the material is available for DNA testing, that the material was not previously tested or will be subject to DNA-testing technology not available at the time of the conviction, and that the identity of the defendant as the perpetrator of the crime was at issue during the trial (MCL 770.16[1] and [3]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings III*, Prosecuting Attorney, *Susan L. LeDuc*, Chief, Appellate Division, and *Joseph B. Finnerty*, Assistant Prosecuting Attorney, for the people.

*Marla L. Mitchell-Cichon, Donna McKneelen*, and *William J. Fleener, Jr.*, for the defendant.

Before: SAAD, C.J., and MURPHY and DONOFRIO, JJ.

DONOFRIO, J. Defendant appeals by leave granted from a September 15, 2006, circuit court order denying his petition for the release and testing of biological evidence. Because the trial court improperly interpreted MCL 770.16(3)(a) and erred when it denied defendant's request for biological testing, we reverse and remand for entry of an order granting defendant's request for DNA testing of biological materials pursuant to MCL 770.16.

I

In October 1990, a jury found defendant guilty of three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f) (use of force or coercion), and one count of breaking and entering an occupied dwelling with intent to commit a felony, MCL 750.110. The trial court sentenced defendant to 50 to 80 years' imprisonment. This Court affirmed defendant's convictions. *People v Barrera*, unpublished memorandum opinion of the Court of Appeals, issued June 25, 1993 (Docket No. 135237).

In August 2006, defendant filed a petition for the release and testing of biological evidence pursuant to MCL 770.16.[1] Defendant's petition sought the following biological evidence to be tested: (1) a vaginal swab, (2) a vaginal smear, (3) "Area Three" on the quilt, (4) "Area Two" on the quilt, (5) shorts, and (6) panties. Defendant argued that the evidence should be subjected to DNA testing because

> [I]tems 1, 2, and 3 contain biological material left by the perpetrator of the crime. According to [one trial witness], a serologist at the [Michigan State Police] laboratory, these items contain sperm with the blood group substance belonging to a single donor with blood type O. [The victim] only had intercourse with two men: her husband and her attacker. [Her husband] is a blood type A secretor. Thus, the vaginal smear, vaginal slide and quilt, "Area Three," all with blood group substance belonging to a single donor with blood type O, must belong to the perpetrator. [Defendant] is a type O secretor and this evidence was used against him at trial. Items 4, 5, and 6 were consistent with the [husband's] blood type, but did not definitively exclude [defendant]. This evidence was also used against [defen-

---

[1] The statute applies to cases decided before January 8, 2001. MCL 770.16(1).

dant] at trial. The biological evidence is accordingly material to [defendant's] identity as the perpetrator of the crime.

The prosecutor opposed the testing, arguing that although defendant met all the conditions of MCL 770.16(3)(b), defendant could not make a prima facie showing that the evidence sought to be tested was material to the issue of his identity as the perpetrator of the crime under MCL 770.16(3)(a). In its memorandum of law in opposition to defendant's petition, the prosecution asserted, in part:

> We contend that the fingerprint evidence, the matching tattoos and the victim's firm in-court identification undercut the issue of the "materiality" of the blood evidence and, by implication, any DNA evidence.

In his reply brief, defendant argued that he had provided prima facie proof and that the prosecutor "failed to produce evidence or facts to negate the materiality of the biological evidence to the identity of the perpetrator of this crime."

At a hearing on defendant's petition, defendant's counsel argued that because the serologist testified that the biological evidence found was consistent with defendant, it constituted prima facie proof that the biological matter was material to defendant's identity as the perpetrator. Defense counsel further argued that the trial court needed to focus solely on the serological evidence and that nothing the prosecutor could present would directly undercut that evidence. Defense counsel gave examples of what would make the biological matter immaterial to identity, including a situation where a defendant argues consent, or where the serological evidence presented at trial already excluded a defendant. The prosecutor argued that the other physical

evidence, like the fingerprint, the tattoo identification, and the victim's identification, rebutted the prima facie showing of materiality.

The trial court stated that defendant was arguing, in essence, that materiality was equivalent to relevance, which would result in MCL 770.16(3)(a) being met "in every single case because in every single criminal case, evidence of identity is relevant." The trial court went on to adopt the prosecution's proposition that the standard for MCL 770.16(3)(a) materiality is "whether the biological evidence requested would provide a reasonable probability of a different result." After finding that it was appropriate to view more than just serological evidence, the trial court reviewed "all the evidence that goes to show identification of the perpetrator as the defendant." Thereafter, the trial court held as follows:

> Looking at all of the evidence that goes toward identification in this case in total, I cannot find that the defendant has presented a prima facie case that the requested biological evidence would provide a reasonable probability of a different result, and I'm denying the petition.

The trial court entered an order denying defendant's petition for the release and testing of biological evidence. Defendant filed a motion for reconsideration, arguing that the trial court's decision was contrary to the plain language of the statute and that the trial court's weighing of additional evidence was inappropriate. The trial court denied the motion for reconsideration, and defendant sought leave to file the instant appeal. This Court granted leave and this appeal followed.

II

Defendant argues that the trial court improperly interpreted MCL 770.16(3)(a) and erroneously con-

cluded that the biological evidence was immaterial because other evidence in the case supported a finding of guilt. Defendant contends that the trial court incorrectly interpreted the meaning of the word "material" and, as a result, inappropriately held defendant to a higher standard than that of "prima facie proof" as required under MCL 770.16(3)(a). Defendant asserts that the trial court improperly engaged in the balancing test provided in MCL 770.16(7)(c) that applies only after the biological evidence has already been tested and the results show that the particular defendant has been excluded.

The prosecutor responds, arguing that defendant did not make a prima facie showing of the materiality of the evidence required by MCL 770.16(3)(a). The prosecutor asserts that inserting subsection 3(a) into the entirety of MCL 770.16 represents a threshold requirement that mandates the review of "the other evidence of identification." It is the prosecutor's position that reading MCL 770.16 otherwise improperly renders subsection 3(a) meaningless. The prosecutor stresses that other evidence including fingerprint and tattoo identification evidence and the victim's in-court identification, establishes that defendant's requested DNA testing fails to meet the threshold established under the plain language of MCL 770.16(3)(a).

III

"[T]he interpretation and application of statutes is a question of law that is reviewed de novo." *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). The objective of statutory interpretation is to discern the intent of the

Legislature from the plain language of the statute. *People v Sobczak-Obetts*, 463 Mich 687, 694-695; 625 NW2d 764 (2001). "We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). In doing so, we must be mindful that "[i]t is the role of the judiciary to interpret, not write, the law." *People v Schaefer*, 473 Mich 418, 430-431; 703 NW2d 774 (2005), clarified in part on other grounds *People v Derror*, 475 Mich 316, 320 (2006).

MCL 770.16(3) provides as follows:

> The court shall order DNA testing if the defendant does all of the following:
>
> (a) Presents prima facie proof that the evidence sought to be tested is material to the issue of the convicted person's identity as the perpetrator of, or accomplice to, the crime that resulted in the conviction.
>
> (b) Establishes all of the following by clear and convincing evidence:
>
> (*i*) A sample of identified biological material described in subsection (1) is available for DNA testing.
>
> (*ii*) The identified biological material described in subsection (1) was not previously subjected to DNA testing or, if previously tested, will be subject to DNA testing technology that was not available when the defendant was convicted.
>
> (*iii*) The identity of the defendant as the perpetrator of the crime was at issue during his or her trial.

A

At issue here is the meaning of the term "material" as used in MCL 770.16(3)(a). When a term is not

expressly defined by statute, courts must first review the term in its proper context, giving every word or phrase of the statute its plain and ordinary meaning. MCL 8.3a; *People v Thompson*, 477 Mich 146, 151; 730 NW2d 708 (2007). MCL 8.3a also provides guidance:

> All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

After reviewing the plain language of a statute, only if the legislative intent cannot be determined from the statute itself, may a court consult dictionary definitions. *People v Peals*, 476 Mich 636, 641; 720 NW2d 196 (2006). We need not consult a dictionary to determine the meaning of the term "material" as it is used in MCL 770.16(3)(a). The plain language of the statute requires a defendant seeking DNA testing to present "prima facie proof that the *evidence sought to be tested* is *material* to the issue of . . . identity[.]" (Emphasis added.) It is self-evident that the use of the word "material" means that the "evidence sought to be tested" must be of some consequence to the issue of identity in the case. In other words, the defendant must provide prima facie proof that there is some logical relationship between the evidence sought to be tested and the issue of identity.

In the context of this case, "the evidence sought to be tested" is biological evidence described as traces of semen on: (1) a vaginal swab, (2) a vaginal smear, (3) "Area Three" on the quilt, (4) "Area Two" on the quilt, (5) shorts, and (6) panties. Pursuant to the plain language of MCL 770.16(3)(a), these items, or specimens from these items, would be tested for DNA matter

if "material" to the perpetrator's identity. More specifically, if defendant demonstrates that the semen, and the resultant DNA evidence, is material to the crime and the perpetrator's identity, MCL 770.16(3)(a) is satisfied. In the instant case, defendant must show that all the items containing DNA matter he seeks to be tested are material to establishing the identity of the perpetrator of the rape. To do so, defendant must link the DNA-stained evidence to both the crime and the criminal.

Regarding the vaginal swab and the smear, because an emergency-room nurse collected the samples from the victim immediately after the crime was committed as part of the preparation of a rape kit, the specimens are directly linked to the crime and therefore the perpetrator's identity. But, let us consider an example where a vaginal swab and a smear were taken from a victim three months after the crime was committed or were taken during a routine gynecological medical visit the day before the crime occurred. In this example, the biological evidence would not be material to establishing the perpetrator's identity because any evidence contained could not be linked to the crime and the criminal.

Turning to the shorts and the panties, the victim was wearing these items of clothing at the time she was raped and they were collected shortly after the rape. As such, the biological evidence contained on the shorts and the panties is linked to the crime and the perpetrator's identity and is therefore material. If we consider a hypothetical situation where the victim was not wearing the particular garments at or around the time of the rape, any biological evidence discovered on the garments would not be material to establishing the perpetrator's identity because any evidence contained could not be linked to the crime and the criminal. Hence, the

"prima facie proof" requirement of MCL 770.16(3)(a) mandates that a defendant prove that there was evidence that the victim was wearing the garments at or around the time the victim was raped.

The same analysis applies to the quilt. Here, the record shows that the rape took place on the victim's bed and the quilt was on the bed. Because the rapist or the victim came into contact with the quilt around the time of the rape, any DNA evidence left on the quilt is linked to the crime and the perpetrator's identity and is therefore material. However, the converse would destroy materiality. If there were no evidence tying the quilt to the crime scene at the relevant time, any DNA matter found on the quilt would not be material to the crime or to establishing the perpetrator's identity. Again, MCL 770.16(3)(a) requires a defendant to prove that there was evidence that the rapist or the victim came into contact with the quilt during or around the time of the rape.

After completing the analysis required under MCL 770.16(3)(a), we conclude that the DNA evidence testing defendant seeks is "material" to the question of the identity of the perpetrator of the rape and MCL 770.16(3)(a) is satisfied.

B

In denying defendant's petition, the trial court observed that reading MCL 770.16(3)(a) in this manner would compel trial courts to find that the "materiality" requirement of MCL 770.16(3)(a) is established in all cases "because in every single criminal case, evidence of identity is relevant." The trial court's conclusion ignores the interplay between MCL 770.16(3)(a) and MCL 770.16(3)(b). Our interpretation of MCL 770.16(3)(a) together with the plain language of MCL

770.16(3)(b) demonstrates that DNA evidence is not always material, thereby alleviating the concerns expressed by the trial court.

While MCL 770.16(3)(a) requires a defendant to link DNA evidence sought to be tested to both the crime and the criminal in order to show materiality, MCL 770.16(3)(b) addresses issues regarding the availability of the biological material, prior testing of the material, and whether identity was an issue at trial. MCL 770.16(3)(b)(*i*)-(*iii*). By way of example, if semen found on panties was material because the victim wore the panties at the time of the rape, MCL 770.16(3)(a) would be satisfied, but if a defendant had claimed at trial that he had consensual sex with the victim, identity would not be at issue. If identity is not at issue, then MCL 770.16(3)(b)(*iii*) is not satisfied, and DNA testing would not be ordered. Similarly, when a defendant's theory of the case is self-defense or where the biological evidence has already excluded a defendant, identity is not an issue. Although a defendant may satisfy the materiality requirement of MCL 770.16(3)(a), a defendant would not satisfy the "clear and convincing evidence" requirement of MCL 770.16(3)(b) on the issue of identity.

C

Instead of applying the plain language of MCL 770.16(3)(a) and simply determining whether defendant presented "prima facie proof that the evidence sought to be tested [wa]s material to the issue of . . . identity[,]" the trial court impermissibly engaged in a balancing test. The trial court essentially concluded that defendant was sufficiently identified by the other physical evidence presented, and determined that DNA testing was immaterial. The trial court's interpretation and application of MCL 770.16(3)(a) improperly mixed

the question whether the biological evidence is material with the issue whether the prima facie proof has been rebutted. But the plain language of the statute contains no language regarding presumptions and rebutting presumptions. Contrary to the trial court's conclusion, the term "material," as it is used in MCL 770.16(3)(a), does not in any way direct, or even allow, a trial court to engage in a balancing inquiry of the identifying evidence presented. A trial court's only responsibility under MCL 770.16(3)(a) is to determine if a defendant has presented "prima facie proof that the evidence sought to be tested is material to the issue of . . . identity[.]" Doing otherwise is contrary to the plain language of the statute and does not further its purpose.

Additionally, the balancing test as employed by the trial court was premature. MCL 770.16 provides for this type of analysis to occur only *after* the biological evidence has been tested. Pursuant to MCL 770.16(6), if the DNA results are inconclusive or implicate defendant, no new trial must be held. Under MCL 770.16(7)(a)-(c), if the testing shows that defendant was not the source of the biological evidence, the trial court "shall . . . hold a hearing to determine by clear and convincing evidence" that only the perpetrator could be the source of the genetic material, that the sample is not degraded or contaminated, and "[t]hat the defendant's purported exclusion as the source of the identified biological material, balanced against the other evidence in the case, is sufficient to justify the grant of a new trial." Thus, the trial court was not permitted to prematurely read the balancing-of-other-identification-evidence requirement into MCL 770.16(3)(a) when it properly belongs in MCL 770.16(7)(a)-(c). "The omission of a provision in one part of a statute that is included in another should be construed as intentional,

and provisions not included by the Legislature should not be included by the courts." *Polkton Charter Twp v Pellegrom,* 265 Mich App 88, 103; 693 NW2d 170 (2005) (citation omitted).

IV

Having determined that the biological evidence defendant sought to be tested was material because it was linked to the crime and the identity of the perpetrator, the only remaining question before us is whether defendant provided the requisite clear and convincing evidence under MCL 770.16(3)(b)(*i*)-(*iii*). On appeal, the prosecutor does not challenge that defendant met the requirements of MCL 770.16(3)(b)(*i*)-(*iii*). Rather, the prosecutor argues that the other physical evidence rebuts the materiality requirement of MCL 770.16(3)(a). The prosecutor's argument is without merit because MCL 770.16(3) does not allow for either the balancing or the consideration of conflicting evidence. MCL 770.16(3) only sets forth the foundational factors for a defendant's entitlement to DNA testing. Accordingly, it was error for the trial court to deny defendant's petition.

V

The trial court improperly interpreted the plain language of MCL 770.16(3)(a) and, as a result, erred when it denied defendant's request for DNA testing of biological materials. Accordingly, we reverse and remand for entry of an order granting defendant's request for DNA testing of biological materials pursuant to MCL 770.16.

Reversed and remanded. We do not retain jurisdiction.