# STATE OF MICHIGAN

# COURT OF APPEALS

HUDSONVILLE CREAMERY & ICE CREAM
COMPANY, L.L.C.,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

FOR PUBLICATION
March 29, 2016

No. 322968
Tax Tribunal
LC No. 00-450134

---

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

METER, J. (*dissenting*).

I respectfully dissent. In my opinion, the Michigan Tax Tribunal (MTT) properly applied the principles of statutory construction in interpreting MCL 208.1437(18).

As noted by the majority, petitioner claimed a refund for 85% of the remainder of its brownfield credits pursuant to the following provision:

> [I]f the credit allowed under this section for the tax year exceeds the qualified taxpayer's tax liability for the tax year, the qualified taxpayer may elect to have the excess refunded at a rate equal to 85% of that portion of the credit that exceeds the tax liability of the qualified taxpayer for the tax year and forgo the remaining 15% of the credit and any carryforward. [MCL 208.1437(18).]

Respondent denied petitioner's claim for a refund under this provision because respondent construed the provision as excluding refunds for credits earned under the Michigan Single Business Tax Act, MCL 208.34 *et seq.*, repealed by 2006 PA 325, effective December 31, 2007, and carried forward. The MTT agreed.

The primary goal of statutory construction is to determine the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). To determine the Legislature's intent, this Court examines the specific language of the statute. *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 177; 617 NW2d 735 (2000). "Courts may not speculate regarding legislative intent beyond the words of the statute. Hence, nothing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself." *Mich Ed Ass't v Secretary of State*, 489 Mich 194, 217-218; 801 NW2d 35 (2011) (citations and quotation marks omitted).

-1-

An examination of the specific language of the statute at issue indicates that the Legislature did not intend to provide a refund for credit carryforwards. The first sentence of MCL 208.1437(18) states: "[I]f *the credit allowed under this section for the tax year and any unused carryforward of the credit allowed under this section* exceed the qualified taxpayer's or assignee's tax liability for the tax year, that portion that exceeds the tax liability for the tax year shall not be refunded but may be carried forward to offset tax liability in subsequent tax years for 10 years or until used up, whichever occurs first." (Emphasis added.) The word "and" means "in addition to[.]" *Titan Ins Co v State Farm Mut Auto Ins Co*, 296 Mich App 75, 85; 817 NW2d 621 (2012). The sixth sentence of MCL 208.1437(18), which petitioner relies on for a refund, states: "[I]f *the credit allowed under this section for the tax year* exceeds the qualified taxpayer's tax liability for the tax year, the qualified taxpayer may elect to have the excess refunded . . . ." (Emphasis added.) The sixth sentence does not contain a reference to an unused carryforward of the credit allowed under the section. "The omission of a provision in one part of a statute that is included in another should be construed as intentional . . . ." *People v Barrera*, 278 Mich App 730, 741; 752 NW2d 485 (2008) (citations and quotation marks omitted).

The fact that the Legislature included the phrase "and any unused carryforward" in the first sentence of MCL 208.1437(18) but did not include that phrase in the sixth sentence of that subsection indicates that the Legislature intended the first portion of MCL 208.1437(18) to apply to both "credit allowed under this section for the tax year" and "unused carryforward of the credit allowed under this section" but intended the portion at issue herein to apply only to "the credit allowed under this section for the tax year . . . ."

I acknowledge that petitioner appears to be correct that a carryforward is a type of credit rather than something wholly distinct from a credit. However, this does not lead to the conclusion that when the statute distinctly refers to "the credit allowed under this section for the tax year," it also is referring to an unused carryforward of credit. As discussed, the inclusion of the term "carryforward" in the first sentence, when compared to the omission of that term in the sixth sentence, indicates that the omission was intentional. Importantly, if this Court were to interpret the refund portion of the statute as argued by petitioner and apply it to all credits, it would render some of the statutory language nugatory. The language used in the sixth sentence of MCL 208.1437(18) is "the credit allowed under this section for the tax year . . . ." The phrase "for the tax year" would be rendered nugatory if it were ignored in order to include credits carried over from other years. Every phrase in a statute must be given effect so as not to render any part of the statute nugatory. *Jenkins v Patel*, 471 Mich 158, 167; 684 NW2d 346 (2004). Had the Legislature intended to include carryforward credits in the provision allowing for refunds, i.e., the sixth sentence, it could have included language "indicating as much[,]" just as it did in the first sentence. See, generally, *Gray v Chrostowski*, 298 Mich App 769, 777; 828 NW2d 435 (2012).

There is no dispute that petitioner's credits were carryforward credits. Therefore, I conclude that there was no genuine question of material fact that petitioner could not receive a refund under the statute at issue and that the MTT properly granted respondent's motion for summary disposition. I find unpersuasive the nonbinding case law and inapposite statute cited by petitioner. I also find unpersuasive petitioner's reliance on *Ashley Capital v Dep't of Treasury*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 322386). In that case, while the Court discussed credits and carryforward credits, it simply did not address the issue we face

-2-

today, i.e., the interpretation of the last sentence of MCL 208.1437(18).  Finally, I have considered the additional issue, involving former MCL 208.38g(34)(c), that petitioner raised at an informal conference and have found it to provide no basis for reversal.

I would affirm.


/s/ Patrick M. Meter