# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee

v

JAMES LAMSON,

Defendant-Appellant.

UNPUBLISHED
August 15, 2017

No. 333174
Mecosta Circuit Court
LC No. 15-008427-FC

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right the trial court's denial of his post-conviction motion seeking credit for time served in Illinois. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was convicted, following a plea of no contest, of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13), and gross indecency between males by a sexually delinquent person, MCL 750.338. The charges stemmed from incidents of sexual contact that occurred in the late 1970s between defendant and minor boys who were then between the ages of eight and thirteen. The factual basis for the plea was established by documentation reflecting that over the course of many years defendant had committed sexual contact offenses against scores of persons, the vast majority of whom were male children. The trial court sentenced defendant to concurrent prison terms of 12 years and 6 months to 60 years for CSC-I and one day to life for gross indecency as a sexually delinquent person.

At the time of his convictions in this case, defendant was serving time in Illinois. He had been convicted there in 1986 of two counts of aggravated criminal sexual assault and indecent liberties with a child, and three counts of aggravated indecent liberties with a child. The Illinois court sentenced him to concurrent prison terms of 26 years. Defendant maintains that in 2001 he was released to civil confinement at a treatment facility in Illinois, where he remained until he was extradited to Michigan for the proceedings that resulted in his plea-based convictions and sentences in this case.

At sentencing in this case, the trial court noted that the pre-sentence investigation report (PSIR) originally calculated defendant's credit for time served at 1,421 days, and that it had been calculated by including (a) the time that defendant served in the Illinois treatment facility after

-1-

Michigan placed a hold on him for the charges in this case, and (b) the 324 days he spent in jail after being returned to Michigan in 2015 to await the disposition of the charges in this case. The trial court determined that defendant should not receive credit for the time served in Illinois, and that he should instead only receive credit for time served from May 3, 2015, the date that defendant was arrested in Michigan, to March 21, 2016, the date of sentencing. This resulted in jail credit of 324 days rather than 1,421 days.

Defendant filed a post-sentencing motion for additional jail credit. He argued that he should be given credit beginning when the Michigan Attorney General placed a "hold" on him in 2012. Defendant asserted that he was at that time housed as a "prisoner/patient" in the Rushville State Facility in Illinois, a facility that is referred to on its website as "a treatment/detention facility" where detainees are not free to leave. Defendant further argued that once the hold was placed on him, he effectively became a detainee of Michigan, and that Michigan's hold "superseded his 'treatment' by the State of Illinois." Finally, defendant argued that he was not given the opportunity to furnish a bond for release from the Illinois treatment center. The trial court denied the motion, concluding that there was no basis to grant credit for time served in Illinois. This appeal followed.

## II. ANALYSIS

Defendant argues that, under MCL 769.11b, he should receive credit for time spent incarcerated in Illinois, because he was subject to conditions that were the equivalent of incarceration and because Michigan had placed a detainer hold on him that rendered him unable to furnish a bond. We disagree.

Defendant preserved this argument by filing his post-conviction motion in the trial court for additional jail credit. We review de novo issues of statutory interpretation. *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). Where the language of the statute is unambiguous it must be enforced as written. *People v Barrera*, 278 Mich App 730, 736; 752 NW2d 485 (2008). MCL 769.11b provides as follows:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Based on its plain language, MCL 769.11b does not apply to defendant. During the period of time that defendant argues should be credited to his sentence, he was not serving "time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted." Assuming without deciding that defendant's Illinois commitment was similar enough to "jail time" to otherwise qualify for credit under MCL 769.11b, defendant was not serving that time "because of being denied or unable to furnish bond for the offense of which he is convicted" in Michigan. *Id*. Defendant's tenure in the Illinois facility was entirely unrelated to the present Michigan convictions.

In *People v Adkins*, 433 Mich 732, 734; 449 NW2d 400 (1989), our Supreme Court considered

> whether . . . MCL 769.11b . . . requires that a defendant receive credit for time spent incarcerated in other jurisdictions, for offenses committed while he was free on bond for the offense for which he seeks such credit, from the time that a detainer or hold either was or could have been entered against him by authorities in the jurisdiction where the defendant was to be sentenced. . . .

A panel of this Court had earlier concluded that the defendant in *Adkins* "was entitled to credit from the time at which Michigan authorities placed, or could have placed, pursuant to the Interstate Agreement on Detainers . . . , a detainer, or 'hold,' on him while he was incarcerated" in Ohio and Indiana. *Id*. at 736. The Supreme Court rejected that conclusion, however, stating:

> In our view, the mere placement of a hold or detainer on a prisoner—an indication to the authorities in the jurisdiction which has custody of the defendant that there are charges pending against him in another jurisdiction, and that the authorities from that jurisdiction would like to be notified before he is released—does not "convert" the time the defendant is serving in the first jurisdiction into time served "for the offense" of which he is later convicted in the requesting jurisdiction.
>
> The fact that such a hold or detainer has been entered does not mean that the authorities in the requesting jurisdiction gain something akin to "constructive custody" of the defendant; nor does it mean that the defendant is no longer incarcerated solely because of the unrelated offense in the other jurisdiction. It simply means that the authorities in the jurisdiction which has custody of the defendant have agreed not to release him without notice to the "holding" jurisdiction, and will turn him over to such authorities upon request. In short, whether a hold has, or could have, entered against the defendant is irrelevant for purposes of determining how much time the defendant has served "for the offense of which he is convicted." [*Id*. at 747-748.]

Under *Atkins*, the presence or absence of a Michigan hold was "irrelevant" to the calculation of defendant's time served because he had been incarcerated in Illinois "solely because of the unrelated offense in th[at] other jurisdiction." *Id*. Therefore, the trial court did not err by concluding that MCL 769.11b did not require defendant to receive credit for his time spent in a civil commitment in Illinois, even after Michigan placed a hold on him.[1]

Defendant also argues that the trial court's denial of his motion violates his Fifth Amendment rights against double jeopardy. This argument is unpreserved. *People v Ackah-*

---

[1] It matters not to our analysis that, unlike the defendant in *Atkins*, defendant was not, at the time he committed the offenses underlying his convictions in this case, free on bond for the offenses for which he seeks credit for time spent incarcerated elsewhere.

*Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015) ("To preserve appellate review of a double jeopardy violation, a defendant must object at the trial court level."). We review for plain error "unpreserved claims that a defendant's double jeopardy rights have been violated." *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005).

Defendant argues, rather inconsistently with his statutory argument, that because he was "civilly committed" to the Rushville facility in Illinois, he was not "incarcerated" for the Illinois convictions, and that the denial of jail credit for the time spent at the Illinois facility consequently resulted in his being subjected to "multiple punishments" for his current Michigan convictions. We disagree. The United States and Michigan Constitutions protect defendants against twice being in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. Among other protections, the prohibition against double jeopardy protects defendants against multiple punishments for the same offense. *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

Simply put, the record indicates that defendant was confined in Illinois for reasons that are wholly unrelated to the Michigan convictions. If and when defendant is released from the Michigan Department of Corrections, he will be returning to the Illinois facility to complete his treatment. Defendant is not being twice put in jeopardy for the same offense. There is no plain error. *Meshell*, 265 Mich App at 628.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle