*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

V

ERICK ROSEAN ALLEN,

      Defendant-Appellant.

FOR PUBLICATION
October 1, 2019

No. 343225
Monroe Circuit Court
LC No. 17-243894-FH

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

CAMERON, J. (*concurring*).

This case poses a straightforward question: are parolees entitled to receive credit for the time they serve in jail under MCL 769.11b if they were denied bond or could not furnish bond on a new offense, or is the jail credit statute inapplicable to them because they are parolees. I agree with the majority that Michigan Supreme Court precedent prevents parolees from ever receiving jail credit under MCL 769.11b. However, I write separately to examine the merit of the prosecution's assertion on appeal that defendant, who is a parolee, is entitled to partial jail credit under MCL 769.11b for the time he was incarcerated due solely to his inability to furnish bond.

Jail credit is governed by MCL 769.11b, and statutes are interpreted according to their plain language. *People v Barrera*, 278 Mich App 730, 736; 752 NW2d 485 (2008). Where the language of the statute is unambiguous, it must be applied as written. *Id.*

MCL 769.11b provides as follows:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Therefore, the plain and unambiguous language of MCL 769.11b provides that "any person" who serves time in jail because he is unable to post bond or is denied bond for the offense of

which he is convicted is statutorily entitled to have the time he served in jail in relation to the "offense of which he is convicted" deducted from his future sentence.

However, in *People v Idziak*, 484 Mich 549; 773 NW2d 616 (2009), our Supreme Court held that the jail credit statute does not apply to parolees.

More specifically, the *Idziak* Court held the following:

> [W]e hold that the jail credit statute does not apply to a parolee who is convicted and sentenced to a new term of imprisonment for a felony committed while on parole because, once arrested in connection with the new felony, the parolee continues to serve out any unexpired portion of his earlier sentence unless and until discharged by the Parole Board. For that reason, he remains incarcerated regardless of whether he would otherwise be eligible for bond before conviction on the new offense. He is incarcerated not "because of being denied or unable to furnish bond" for the new offense, but for an independent reason. Therefore, the jail credit statute, MCL 769.11b, does not apply. [*Idziak*, 484 Mich at 562-563.]

In other words, the time a parolee serves in jail before being sentenced on a new offense can only be credited against the balance of the parolee's remaining prison sentence—never to the sentence of the new offense that actually caused the defendant to be incarcerated in jail. The *Idziak* Court's rationale for not applying the jail credit statute for parolees is based on the notion that parolees are always considered to be under the jurisdiction of the Michigan Department of Correction (MDOC); and, when parolees are arrested for a new offense, they automatically resume serving the balance of their prison sentence. See *Idziak*, 484 Mich at 564-565. Thus, the *Idziak* Court reasoned that any time parolees are incarcerated for a new offense, they are incarcerated not because they were "denied or unable to furnish bond" for the new offense of which they are convicted, but instead because they have actually resumed serving their prison sentence. See *id.* at 566. Under this framework, a parolee is continually serving his or her sentence until he or she has fulfilled the maximum sentence or is discharged from parole.[1]

---

[1] The exception to this rule is that a parolee stops receiving credit on his or her prison sentence when the parolee violates parole and the MDOC issues a parolee arrest warrant.

> A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services is treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served. The warrant of the deputy director of the bureau of field services is a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution. [MCL 791.238(2).]

The prosecution's argument that defendant is entitled to partial jail credit under MCL 769.11b requires an understanding of parole detainers and how the MDOC uses them. Simply put, when a parolee is arrested for committing a new offense while on parole, the MDOC can issue a warrant for the parolee's return, MCL 791.238(1),[2] or cause the parolee to be detained "in any jail of this state," MCL 791.239.[3]

In practice, this means that jails will not release parolees with a parole detainer regardless of whether the parolees have furnished the bond necessary for their release. The prosecution argues that when a parole detainer is placed on a parolee, the jail credit statute simply does not apply because the parolee is being held in jail on the parole detainer, not "because of being denied or unable to furnish bond." MCL 769.11b. I wholeheartedly agree with the prosecution that the plain language of the jail credit statute precludes defendant from receiving jail credit after the parole detainer was placed on him by the MDOC.

However, as this case demonstrates, the MDOC does not always choose to place a detainer when a parolee is arrested for a new offense. In this case, the MDOC chose not to immediately place a detainer on defendant when he was arrested for committing a new offense while on parole. Instead, the MDOC opted to allow defendant the opportunity to complete a drug rehabilitation program. Because the district court issued defendant a personal recognizance bond, defendant was released from jail the following day, and he began participating in the program. However, after defendant missed several court dates, the district court issued a warrant for defendant's arrest. Defendant was rearrested and served an additional 15 days in jail that was, according to the prosecution, "for no other reason than his inability to furnish bond." Defendant eventually posted bond and was released from jail to again participate in drug treatment. He was arrested less than a week later because he tested positive for cocaine. The MDOC placed a parole detainer on defendant the same day, and it remained in effect until the

_____

Although not addressed in *Idziak*, there is a considerable difference between MDOC arrest warrants issued under MCL 791.238(2) and MDOC parole detainers like the one issued in this case. An MDOC arrest warrant authorizes the arrest of suspected parole violators who are not already in custody. Our Legislature has made the clear policy decision that these non-in-custody parolees shall not receive credit against their prison sentence because they are considered to be "escaped prisoners." Parole detainers, on the other hand, are issued by the MDOC in order to ensure that county jails detain parolees who are already in jail until the parole hold is removed.

[2] MCL 791.238(1) provides, in relevant part, the following: "The deputy director of the bureau of field services, upon a showing of probable violation of parole, may issue a warrant for the return of any paroled prisoner."

[3] MCL 791.239 provides the following: "A probation officer, a parole officer, a peace officer of this state, or an employee of the department other than a probation or parole officer who is authorized by the director to arrest parole violators may arrest without a warrant and detain in any jail of this state a paroled prisoner, if the probation officer, parole officer, peace officer, or authorized departmental employee has reasonable grounds to believe that the prisoner has violated parole or a warrant has been issued for his or her return under [MCL 791.238]."

time of defendant's sentencing.[4]  On appeal, the prosecution "concedes . . . that [defendant] is entitled to [17 days of jail credit] as there was no parole detainer at that time and [defendant] was being held solely because he could not furnish bond."

While I believe that the prosecution's argument is entirely consistent with the plain and unambiguous language of the jail credit statute, I must concur with the majority that *Idziak*'s holding allows no room to apply MCL 769.11b to parolees.


/s/ Thomas C. Cameron

---

[4] After defendant was bound over to the circuit court, the court ordered defendant to post a cash or surety bond in the amount of $25,000.